IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **The Guardian Insurance<br>  & Annuity Company, Inc.**<br>7 Hanover Square<br>New York, NY  10004-2616 | :<br>:<br>:<br>:<br>: |  |
| Plaintiff, | :<br>: |  |
| v. | :<br>: | Civil Action<br><br>No. |
| **Sandra C. Brock**<br>27 Brook Circle<br>Glenmoore, PA  19343-1204 | :<br>:<br>:<br>: |  |
| and | :<br>: |  |
| **Linda M. Hohl**<br>1203 Lexington Way<br>Morgantown, PA  19543-9734 | :<br>:<br>:<br>: |  |
| Defendants. | : |  |

## COMPLAINT FOR INTERPLEADER RELIEF

Plaintiff The Guardian Insurance & Annuity Company, Inc. ("GIAC"), through its undersigned counsel, hereby asserts a claim for interpleader relief against defendants Sandra C. Brock and Linda M. Hohl.

### Introduction

1.   GIAC brings this claim for interpleader relief pursuant to Rule 22(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2361 to obtain a final and binding judicial determination of which defendant is entitled to payment of the life insurance proceeds of $100,000 identified below.

2. As is explained below, GIAC has no claim against the life insurance proceeds and is a wholly disinterested stakeholder that is or may be exposed to multiple liability as a result of the conflicting claims of defendants Sandra C. Brock and Linda M. Hohl to the proceeds.

3. Therefore, GIAC respectfully requests that this Court permit it to pay the disputed life insurance proceeds into Court, enjoin any pending or future state or federal court action brought by the defendants that involve the proceeds, dismiss GIAC from this action with prejudice upon its payment of the proceeds into Court, and award to GIAC the costs and counsel fees that it incurs in bringing this action.

### The Parties

4. GIAC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 7 Hanover Square, New York, New York.

5. Defendant Sandra C. Brock is a citizen of the Commonwealth of Pennsylvania residing at 27 Brook Circle, Glenmoore, Pennsylvania.

6. Defendant Linda M. Hohl is a citizen of the Commonwealth of Pennsylvania residing at 203 Lexington Way, Morgantown, Pennsylvania.

### Jurisdiction and Venue

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship between the parties, and the amount in controversy exceeding $75,000, exclusive of interest and costs.

8.      Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1397 because defendants and claimants, Sandra C. Brock and Linda M. Hohl, both reside in this judicial district.

**Factual Background**

9.      On June 12, 1997, GIAC issued Variable Whole Life Insurance Policy No. S608523 (the "Policy") to H. David Brock (a/k/a David H. Brock), which Policy is payable in accordance with its terms and conditions.  The Policy has a $100,000 death benefit (the "Policy proceeds").

10.     H. David Brock identified defendant Sandra C. Brock, his "wife," as the primary beneficiary in his application for the Policy.  A copy of the Policy application documents are attached as Ex. "A" hereto.

11.     On or about October 24, 2001, GIAC received a Change in Beneficiary Notice form (dated October 14, 2001) from H. David Brock, which revoked all prior beneficiary designations and named Linda M. Hohl, his purported "fiancé," as the primary beneficiary.  A copy of the Change of Beneficiary Notice form is attached as Ex. "B" hereto.  The Change in Beneficiary Notice form was recorded at GIAC's home office on October 24, 2001.

12.     Approximately four months later, on February 18, 2002, H. David Brock died while the Policy was in force.

13.     On or about February 25, 2002, Sandra C. Brock, who purports to be the "wife" of H. David Brock and the "administrator" of his Estate, submitted to GIAC proof of death forms (Ex. "C" hereto) claiming that she is the rightful beneficiary to the Policy proceeds.

14. On or about March 6, 2002, defendant Linda M. Hohl, who purports to be the "fiancé" of H. David Brock, submitted to GIAC proof of death forms (Ex. "D" hereto) claiming that she is the rightful beneficiary to the Policy proceeds.

15. Sandra C. Brock contends that H. David Brock's Change in Beneficiary Notice form dated October 14, 2001 (and recorded at GIAC's home office on October 24, 2001) is improper, possibly due to fraud and forgery.

16. GIAC legitimately fears that Sandra C. Brock and Linda M. Hohl have filed or will file competing lawsuits against GIAC, each claiming that she has the exclusive right to recover the Policy proceeds.

## GIAC's Statement of Claim

17. By reason of the conflict among Sandra C. Brock and Linda M. Hohl, GIAC has been unable to discharge its admitted liability on the Policy in the amount of $100,000 (plus interest thereon at 5% per year from February 18, 2002), which amount GIAC is, and has been, ready and willing to pay to the person lawfully entitled to receive it.

18. There exist rival, adverse and conflicting claims as to the rightful or proper beneficiary of the Policy proceeds and, by reason of the foregoing, GIAC has been unable to discharge its admitted liability without exposing itself to multiple litigation and/or liability concerning the Policy proceeds.

19. GIAC has no claim against the Policy proceeds, has not incurred independent liability to either of the claimants, and is a wholly disinterested stakeholder.

20. GIAC should not be compelled to become involved in the disputes and contentions of Sandra C. Brock and Linda M. Hohl and they should be ordered to litigate among themselves without involving GIAC.

21. GIAC is indifferent among the claimants, has no interest in the Policy proceeds, and is ready and willing, pursuant to Federal Rule of Civil Procedure 67, to deposit the Policy proceeds of $100,000 (plus interest thereon at 5% per year from February 18, 2002) into the registry of this Court so that the Court may determine to whom the Policy proceeds should be paid.

22. GIAC has not colluded with either Sandra C. Brock or Linda M. Hohl concerning the matters in question in this action, and GIAC is not seeking the relief requested herein at the request of either of Sandra C. Brock or Linda M. Hohl, but rather solely of its own free will.

WHEREFORE, GIAC respectfully requests:

(a) that this Court assume jurisdiction over this interpleader claim;

(b) that this Court permit GIAC to pay into the registry of this Court the Policy proceeds of $100,000 (plus interest thereon at 5% per year from February 18, 2002) identified above;

(c) that this Court, in aid of its jurisdiction, enjoin any pending state or federal court proceedings involving or affecting the Policy proceeds that are the subject of this interpleader action;

(d) that this Court enjoin and restrain Sandra C. Brock and Linda M. Hohl from instituting or prosecuting any state or federal court action involving or affecting the Policy proceeds that are the subject of this interpleader action;

(e) that this Court dismiss GIAC from this action with prejudice upon its payment of the Policy proceeds of $100,000 (plus interest thereon at 5% per year from February 18, 2002) into the registry of this Court; and

818345v1

-6-

   (f) that this Court award to GIAC as a disinterested interpleading stakeholder the costs and disbursements that it incurs in bringing this action, including, without limitation, counsel fees, and such other and further relief as may be just and proper under 42 Pa.C.S.A. § 2503(4) or otherwise.

Dated: July 16, 2002

                     _____
                     Steven Maniloff
                     (Pa. Attorney I.D. No. 54370)
                     **Montgomery, McCracken,**
                      **Walker & Rhoads, LLP**
                     123 South Broad Street
                     Philadelphia, PA  19109
                     (215) 772-1500

                     Attorney for Plaintiff
                     The Guardian Insurance
                      & Annuity Company, Inc.

818345v1