**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| The Guardian Insurance &Annuity Company, Inc. | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | |
| | : | |
| Sandra C. Brock and Linda M. Hohl | : | NO. 02-CV-4706 |
| | : | |
| Defendants | : | |

### ANSWER OF SANDRA C. BROCK TO PETITION FOR INTERPLEADER AND ANSWER AND COUNTER-CLAIM TO DEFENDANT LINDA M. HOHL'S CROSS-CLAIM

Defendant, Sandra C. Brock, through her undersigned counsel, hereby files her answer to Plaintiff's Complaint for Interpleader Relief and Answer and Counter-claim to Defendant's, Linda M. Hohl, cross-claim.

1. Admitted
2. Admitted
3. Admitted
4. Admitted
5. Admitted
6. Admitted
7. Admitted
8. Admitted
9. Admitted

10. Admitted

11. Admitted in part, denied in part. It is admitted that G.I.A.C. received a change in Beneficiary Notice form on or about October 24, 2001. It is denied that the form was from H. David Brock. It is additionally denied that H. David Brock named Linda M. Hohl as the primary beneficiary.

12. Admitted

13. Admitted

14. Admitted in part, denied in part. It is admitted, on information and belief that Defendant Hohl filed a claim to the insurance proceeds. It is denied that Defendant Hohl is the fiancee of H. David Brock nor is she entitled to the proceeds of the insurance policy.

15. Admitted

16. Admitted

17. Admitted

18. Admitted

19. Admitted

20. Admitted

21. Admitted

22. Admitted

### ANSWER TO DEFENDANT HOHL'S CROSS-CLAIM

23. Admitted

24. Admitted

25. Admitted

26. Denied. It is denied that H. David Brock and Sandra C. Brock were legally separated. H. David Brock and Sandra C. Brock were having marital difficulties and H. David Brock left the family residence temporarily and slept at a motel in Morgantown, Pennsylvania. It was not until sometime after July 1 that Linda M. Hohl invited H. David Brock to move into her residence with her.

27. Denied. H. David Brock commenced a divorce action against Sandra C. Brock on November 1, 2001 in Chester County Court of Common Pleas.

28. Denied. It is denied that H. David Brock executed a Change of Beneficiary Notice. It is further denied that H. David Brock intended to change the primary beneficiary under his life insurance policy to Defendant Linda M. Hohl. It is believed and therefore averred that the Change of Beneficiary Notice that was sent to G.I.A.C. was completed and executed by someone other than H. David Brock.

29. Admitted in part, denied in part. It is admitted that G.I.A.C. recorded the receipt of a Change in Beneficiary Notice on October 24, 2001. It is denied that the Change in Beneficiary Notice legally and/or officially changes the designated beneficiary to Linda M. Hohl for reasons stated in paragraph number 28 above.

30. Denied. It is denied that H. David Brock obtained, executed and filed a Change in Beneficiary form with G.I.A.C. (see answer to number 28 above). It is further denied that H. David Brock was legally separated from Sandra C. Brock. It is also denied that H. David Brock considered Defendant Hohl to be his fiancee and

        intended to marry her after his divorce from Sandra C. Brock. H. David Brock was legally married to Sandra C. Brock on the date of H. David Brock's death.

31. Denied. H. David Brock did not knowingly and voluntarily execute a Change in Beneficiary form in the presence of his brother or anyone else. It is further denied that H. David Brock made known his intention to change the beneficiary designation to Linda M. Hohl.

32. Admitted in part, denied in part. It is admitted that H. David Brock died on or about February 18, 2002. It is denied that H. David Brock duly changed the beneficiary of his life insurance to Defendant Hohl. By way of further response, Sandra C. Brock hereby incorporates her answer to number 28 above.

33. Denied. It is denied that H. David Brock exercised his contractual right and charged the beneficiary designation to Linda M. Hohl in compliance with the contractual terms of the subject insurance policy. By way of further response, Sandra C. Brock hereby incorporates her answer to number 28 above.

34. Denied. Sandra C. Brock's filing of claim is based on the fact that H. David Brock never executed a Change in Beneficiary Form. Sandra C. Brock is the rightful beneficiary of her husband's life insurance benefits. It is further denied that Sandra C. Brock's claim is arbitrary and vexatious.

35. Denied. It is denied that Sandra C. Brock filed her claim without cause. It is further denied that Defendant Hohl has a valid claim to any benefits of H. David Brock's life insurance.

## **SANDRA C. BROCK'S COUNTER-CLAIM AGAINST DEFENDANT HOHL**

Defendant Sandra C. Brock, files the following Counter-claim against Defendant, Linda M. Hohl and avers as follows:

### COUNT 1

36. Sandra C. Brock hereby incorporates paragraphs 1-35 as if more fully set forth herein.

37. Decedent, H. David Brock, on or about May 6, 1997, filed an application with G.I.A.C. for a variable whole life insurance policy in the amount of $100,000.00

38. On or about June 12, 1997, G.I.A.C. issued a variable whole life insurance policy, #S608523, (the "Policy") to H. David Brock.

39. At the time of making the application for the policy, and the issuance thereof, H. David Brock was married to, and living with, Defendant Sandra C. Brock, and she was the named primary beneficiary of the Policy.

40. On or about February 18, 2002, H. David Brock died while the policy was in force, and the only valid beneficiary listed was his wife, Sandra C. Brock.

41. In or about July 2001, Linda M. Hohl was a divorced individual residing at 1203 Lexington Way, Morgantown, PA 19543.

42. In or about July 2001, H. David Brock was married to Sandra C. Brock.

43. In or about July 2001, Linda M. Hohl, with knowledge that H. David Brock was married, invited him to live with her at her residence.

44. In or about July 2001 through the date of his death, Linda M Hohl engaged in extramarital sexual relations with H. David Brock.

45. During her relationship with H. David Brock, Linda M. Hohl encouraged him to file a complaint in divorce against Sandra C. Brock.

46. During her relationship with H. David Brock, Linda M. Hohl learned that he had a life insurance policy with a death benefit of $100,000.00.

47. During her relationship with H. David Brock, Linda M. Hohl encouraged him to replace his wife, Sandra C. Brock, as beneficiary with herself.

48. Defendant Hohl inserted her name on a G.I.A.C. Change of Beneficiary Notice without H. David Brock's knowledge or consent in an attempt to be listed as primary beneficiary of H. David Brock's life insurance policy with G.I.A.C.

49. During her relationship with H. David Brock, Linda M. Hohl had knowledge that H. David Brock was in severe ill health from the excess consumption of alcohol.

50. Linda M. Hohl knew or should have known that H. David Brock's consumption of alcohol would cause his premature death.

51. Despite Linda M. Hohl's knowledge that the consumption of alcohol would cause H. David Brock's death, she encouraged him to drink alcohol as follows:

    a) Purchased alcohol on his behalf;

    b) Frequently made him alcoholic drinks and served them to him;

    c) Insured that alcoholic beverages were available to him in her home;

    d.) Encouraged him to go out to bars to drink alcoholic beverages.

52. Defendant Hohl signed H. David Brock's name or caused the name of H. David Brock to be signed to a G.I.A.C. Change of Beneficiary Notice listing Linda M. Hohl as primary beneficiary without the knowledge or consent of H. David Brock.

53. Decedent, H. David Brock, never intended to add Linda M. Hohl as primary

beneficiary of the proceeds of his life insurance policy with G.I.A.C.

**WHEREFORE**, Sandra C. Brock prays this Honorable Court enter judgment in her favor and against Linda M. Hohl as follows:

1. Sandra C. Brock is the legal beneficiary under her husband's, H. David Brock, life insurance policy–The Guardian Insurance & Annuity Company, Inc. policy number S608523 and shall receive the proceeds therefrom;

2. Defendant Linda M. Hohl is ordered to pay to Defendant Sandra C. Brock the full amount of costs and attorney's fees heretofore awarded to Plaintiff G.I.A.C., and

3. Defendant Linda M. Hohl is ordered to pay Sandra C. Brock her reasonable attorney's fees.

## COUNT II

54. Sandra C. Brock hereby incorporates paragraphs 1-53 as if more fully set forth herein.

55. On or about February 16, 2002, Linda M. Hohl signed H. David Brock's name to a check drawn on H. David Brock's checking account with Blue Ball National Bank payable to the order of Linda Hohl in the amount of $20,000.00 without H. David Brock's knowledge or consent.

56. It is believed and therefore averred that Linda M. Hohl was not authorized to sign checks on the aforesaid account nor did she have a Power of Attorney or other written authorization to act on behalf of H. David Brock.

57. Linda M. Hohl presented a check for $20,000 to Blue Ball National Bank for payment without H. David Brock's knowledge or consent.

58. Linda M. Hohl received $20,000.00 after presenting said check to Blue Ball National Bank.

59. Despite demands from Sandra C. Brock, both individually and in her capacity as Administratrix of H. David Brock's Estate, Linda H. Hohl refused and continues to refuse to return the $20,000.00.

**WHEREFORE**, Sandra C. Brock prays this Honorable Court enter judgment in her favor and against Linda M. Hohl in the amount of $20,000.00 plus interest and reasonable attorney's fees.

Respectfully submitted,

**VALOCCHI, FISCHER & LAVERTY, LLC**

BY: Bruce W. Laverty, Esquire
PA Attorney I.D. No. 68035
342 E. Lancaster Avenue
Downingtown, PA 19335
(610) 269-0900

Attorney for Sandra C. Brock